**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

K.A.S.,

Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

Respondent.

Case No. 4:26-CV-1387-CDL-AGH

## ORDER

*Pro se* Petitioner, a prisoner in Muscogee County Correctional Institution in Columbus, Georgia, filed a letter in the Northern District of Georgia that was docketed as a 28 U.S.C. § 2241 habeas petition (ECF No. 1). Petitioner's letter has been transferred to this Court (ECF Nos. 2, 3). Petitioner has not paid a filing fee or sought leave to proceed without prepayment of the filing fee. Thus, Petitioner is **ORDERED** to pay the $5.00 filing fee. If he lacks the funds to satisfy the filing fee, he may file a motion for leave to proceed *in forma pauperis* (IFP) with a "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution." Habeas Corpus R. 3.

Petitioner is further **ORDERED** to recast his letter on the standard form required in § 2241 cases. When completing the form petition, Petitioner is to answer each question, especially as to his efforts to present his claims in any state superior court, Georgia Court of Appeals, and/or Georgia Supreme Court. Petitioner is advised that a prisoner must exhaust all available state court remedies before

pursuing an application for habeas corpus in federal court. *See* 28 U.S.C. § 2254(b); *see also Straughter v. Warden, FCC Coleman - Low*, 699 F. Supp. 3d 1304, 1306 (M.D. Fla. 2023) (quoting *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015)) ("Although exhaustion of administrative remedies in a § 2241 proceeding is not a jurisdictional requirement, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'"). To properly exhaust, Plaintiff must present his claims to the highest court in the state, either on direct appeal or state collateral review, even if the review in the state supreme court is discretionary. *Pope v. Rich*, 358 F3d 852, 854 (11th Cir. 2004) (per curiam) (citations omitted) (holding a petitioner fails to "exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition"). If Petitioner fails to show he has exhausted his state court remedies, his present federal petition is subject to dismissal. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file his recast petition on the Court's standard § 2241 form and to pay the required $5.00 filing fee or if indigent, file a complete motion to proceed IFP with a certified copy of his inmate account statement.[1] Petitioner should also keep the

[1] If Petitioner has not exhausted his state remedies, then he can file a request for this action to be

Court advised of any change of address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.**

The Clerk of Court is **DIRECTED** to forward a copy of the required § 2241 form petition and the appropriate motion for leave to proceed in forma pauperis (with the civil action number written on them) to Petitioner along with a copy of this Order. There shall be no service of process in this case until further order of the Court.

SO ORDERED, this 13th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

dismissed without prejudice instead of filing a recast complaint and this Court would dismiss Petitioner's action without prejudice so that he may pursue his state court remedies. *See* Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure (providing that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment[.]").